```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

EDUARDO LOPEZ,

         Plaintiff,
v.                                 Case No. 8:13-cv-350-T-33MAP

LA HACIENDA MEXICAN GRILL, INC.,
and DAVID CORTES,

         Defendants.
_____/
```

## ORDER

Before the Court is Plaintiff Eduardo Lopez's Motion for Default Judgment (Doc. # 15) against Defendants La Hacienda Mexican Grill, Inc., and David Cortes. The Motion for Default Judgment was filed on May 23, 2013. As of the date of this Order, neither Defendant has filed a response in opposition to the Motion. The time to do so has now passed and, accordingly, the Court considers the Motion as unopposed. For the reasons that follow, the Court grants Plaintiff's Motion for Default Judgment.

**I.   Legal Standard**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

> failing is shown by affidavit or otherwise, the clerk must enter the party's default.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), following the entry of a Clerk's default and upon motion by the plaintiff, the Court may enter a default judgment against a defaulting party. Fed. R. Civ. P. 55(b)(2); see also DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment, as a Clerk's default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pleaded allegations of fact. Id.

Therefore, before entering a default judgment for damages, a court must ensure that the well-pled allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. Id. A default

judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. **Background and Procedural History**

Lopez contends that La Hacienda and Cortes failed to pay overtime and minimum wage for Lopez's work at La Hacienda from February 21, 2012, through October 28, 2012. (Doc. # 1 at ¶ 10). The Complaint alleges five counts: minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (Count I); minimum wage violations pursuant to Florida law, Fla. Stat. §448.10 (Count II); unpaid overtime in violation of the FLSA (Count III); retaliation for protected activity in violation of the FLSA (Count IV); and retaliation for protected activity in violation of the Florida Whistleblower Act, Fla. Stat. § 448.102 (Count IV).[1]

Despite being properly served on February 20, 2013, and February 22, 2013 (Doc. ## 8, 9), La Hacienda and Cortes failed to respond to the Complaint. Pursuant to Rule 55(a), Fed. R. Civ. P., the Clerk entered a default against La Hacienda on April 8, 2013 (Doc. # 12), and against

---

[1] Due to a scrivener's error, Count V is denominated as Count IV.

Cortes on May 17, 2013 (Doc. # 14). On May 23, 2013, Lopez filed his Motion for Default Judgment and supporting affidavit. (Doc. ## 15, 15-1). La Hacienda and Cortes did not respond to the Motion.

### III. Analysis

#### A. Joint and Several Liability

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages." Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986) (internal quotation omitted); see also Dominguez v. Cent. Tire Corp., No. 12-22117-CIV, 2013 WL 1908950, at *5 (S.D. Fla. Apr. 30, 2013). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." Id. at 638.

In his Complaint, Lopez alleges:

> At all times relevant hereto the individual, David Cortes, was an 'employer,' as defined in 29 U.S.C. § 203(d), who owned and operated Defendant

4

> corporation [La Hacienda Mexican Grill], and was directly involved in decisions affecting employee compensation and hours worked by employees. . . . Moreover, he controlled the purse strings for the corporate Defendant [La Hacienda Mexican Grill].

(Doc. # 1 at ¶ 9). By failing to answer the Complaint, Cortes admits to these allegations. Accordingly, Cortes is jointly and severally liable with La Hacienda for any unpaid minimum wages and overtime compensation due under the FLSA. See Wallace v. The Kiwi Grp., Inc., 247 F.R.D. 679, 682 (M.D. Fla. 2008).

### B.   Florida Statutory Claim

Lopez claims that La Hacienda and Cortes failed to pay him Florida's minimum wage in violation of Florida Statutes § 448.110. However, § 448.110(6)(a) states that "prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action." § 448.110(6)(a), Fla. Stat. Neither the Complaint nor the affidavit supporting the Motion for Default state that Lopez gave such notice to La Hacienda and Cortes. Accordingly, Lopez has failed to state a substantive cause of action pursuant to Florida Statutes § 448.110.

### C.   FLSA Minimum Wage and Overtime Claims

### 1. **Liability**

Generally, "[t]he FLSA requires employers to pay overtime compensation to employees who work more than 40 hours per regular work week." Friedman v. S. Fla. Psychiatric Assocs., Inc., 139 Fed. App'x 183, 185 (11th Cir. 2005); see 29 U.S.C. § 207(a). Lopez alleges that he was employed by La Hacienda and Cortes – who he alleges are engaged in commerce – from February 21, 2012, through October 28, 2012; that he worked sixty hours per week; and that he was not paid any overtime. (Doc. ## 1 at ¶¶ 7, 9, 27; 15-1 at ¶ 8).

Furthermore, the FLSA requires employers engaged in commerce to pay a minimum wage of $7.25 per hour to their employees. 29 U.S.C. § 206(a). However, that wage may include the employee's tips. 29 U.S.C. § 203(m). In other words, "an employer may pay an employee a cash wage below the minimum wage (but above $2.13, see 29 C.F.R. § 531.50), so long as the employer supplements the difference with the employee's tips; this is known as an employer taking a 'tip credit.'" Rubio v. Fuji Sushi & Teppani, Inc., No. 6:11-cv-1753-ORL-37, 2013 WL 230216, at *2 (M.D. Fla. Jan. 22, 2013) (citing 29 U.S.C. § 203(m)).

6

"However, the employer may only utilize this manner of compensation calculation if 'such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee.'" Hermoza v. Aroma Rest., LLC, No. 11-23026-CIV, 2012 WL 273086, at *2 (S.D. Fla. Jan. 30, 2012) (quoting 29 U.S.C. § 203(m)). Furthermore, the burden is on the employer to establish that he is entitled to the tip credit. Id. (citing Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464, 467 (5th Cir. 1979)).

Lopez states that he "worked for tips only and was not paid any wages for the entire period of his employment." (Doc. # 1 at ¶ 15). Cortes and La Hacienda have admitted that allegation by failing to respond to the Complaint. Failing to pay a cash wage at all is not a permitted option of compensation under the FLSA—including the tip credit subsection found at 29 U.S.C. § 203(m). As such, Cortes and La Hacienda were not utilizing the manner of compensation calculation provided for in the tip credit subsection. Because they were not using 29 U.S.C. § 203(m), informing Lopez of the provisions of that subsection would have been nonsensical. Accordingly, the Court finds that because La

Hacienda and Cortes did not give Lopez notice of the tip credit provisions of the FLSA, the compensation options provided for in that subsection do not apply to La Hacienda and Cortes. As such, Lopez is due to be paid the statutory minimum wage of 7.25 per hour for his hours worked.

By failing to answer the Complaint, La Hacienda and Cortes also admit (1) that they employed Lopez for the relevant period, (2) that they were employers who were required to comply with the FLSA, (3) that they failed to pay overtime compensation as required by the FLSA, (4) that they failed to pay minimum wage as required by the FLSA, and (5) that their conduct was willful and intentional. See Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Swisher v. The Finishing Line, Inc., No. 6:07-cv-1542-ORL-28UAM, 2008 WL 4330318, at *2 (M.D. Fla. Sept. 22, 2008). Accordingly, La Hacienda and Cortes are liable to Lopez for the overtime compensation and unpaid minimum wages owed to Lopez for his work. Id.

### 2. Liquidated Damages

Additionally, by statute "Any employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as

the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C.A. § 216(b); see Davila v. Menendez, No. 12-11049, 2013 WL 2460199, at *6 (11th Cir. June 10, 2013) ("An employee ordinarily is entitled to liquidated damages if her employer violated the minimum wage laws."). La Hacienda and Cortes have, by their default, admitted that their conduct was willful and not subject to the good-faith defense to liquidated damages established in 29 U.S.C. § 260. Accordingly, La Hacienda and Cortes are liable to Lopez for liquidated damages equal to the amount owed by them to Lopez for overtime compensation and unpaid minimum wages.

  D.  **FLSA Retaliation Claim**

Under the FLSA, it is unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . ." 29 U.S.C. § 215(a)(3).[2]

---

[2] Lopez also alleges unlawful retaliation pursuant to Florida Statutes § 448.102—presumably § 448.102(3), Fla. Stat. Although § 448.102**(1)**, Fla. Stat. specifically requires written notice be given to a supervisor or employer, § 448.102**(3)**, Fla. Stat. contains no such

9

In the Eleventh Circuit, an oral complaint about an alleged violation of the FLSA is enough to trigger anti-retaliation coverage. See EEOC v. White & Sons Enters., 881 F.2d 1006, 1011 (11th Cir. 1989); Bryant v. Johnny Kynard Logging, Inc., No. 2:11-CV-563-RDP, 2013 WL 979032, at *12 (N.D. Ala. Mar. 8, 2013); see also Kasten v. Saint-Gobain Performance Plastics Corp., 131 S. Ct. 1325, 1335 (2011)).

In his Complaint, Lopez asserts that he "engaged in protected activity when he complained to Cortes regarding the Defendants['] failure to pay him minimum wage or overtime wages." (Doc. # 1 at ¶ 33). Lopez states that he made these complaints "on prior occasions during his employment and specifically on October 28, 2012," shortly before he was terminated. As La Hacienda and Cortes have admitted these allegations by their default, the Court finds that Lopez engaged in protected activity and La

---

provision. Accordingly, the Court finds Lopez's oral objection sufficient for the purposes of that subsection.
 Furthermore, "parallel claim[s] pursuant to the private Florida Whistleblower Act ("FWA"), Fla. Stat. §§ 448.101 et seq. . . . ha[ve] the same elements and burden of proof as [Lopez's] FLSA retaliation claim." Kissinger-Campbell v. Harrell, No. 8:08-cv-568-T-27TBM, 2009 WL 103274, at (M.D. Fla. Jan. 14, 2009). Accordingly, the Court's analysis applies to Lopez's claims under both the FLSA and the Florida Whistleblower Act.

10

Hacienda and Cortes retaliated against Lopez for that activity in violation of 29 U.S.C. § 215(a)(3).

**F.   Damages**

A plaintiff may establish the necessary amount of damages by affidavit. Swisher, 2008 WL 4330318, at *2 (citing Rule 55(b), Fed. R. Civ. P.). In the affidavit supporting Lopez's Motion for Default, Lopez's counsel states that Lopez worked approximately sixty hours per week for La Hacienda and Cortes. (Doc. # 15-1 at ¶¶ 7(b), 8(b)). Counsel also states that Lopez worked from February 21, 2012, through October 28, 2012, for a total of approximately thirty-seven weeks. (Id. at ¶¶ 7(a), 8(a)). However, the Court's own calculation shows that if Lopez worked from February 21, 2012, through October 28, 2012, he worked for approximately thirty-*six* weeks. As such, the Court has used the thirty-six week figure to calculate the following damages:

- Overtime compensation of $7,830.00 ($7.25 minimum wage x 1.5 overtime x 20 hours x 36 weeks = $7,830.00)
- Unpaid minimum wages of $10,440.00 ($7.25 minimum wage x 40 hours x 36 weeks = $10,440.00)

- Liquidated damages of $18,270.00 (minimum wages of $10,440.00 + overtime of $7,830.00 = $18,270.00)

The amount of unpaid minimum wages, overtime compensation, and liquidated damages equals a total of $36,540.00.

Furthermore, in the affidavit supporting Lopez's Motion for Default, counsel for Lopez states $20,000.00 is due to Lopez as damages for retaliatory termination. (Doc. # 15-1 at ¶ 10). However, the origin of this figure is left unexplained. Additionally, in his Complaint Lopez seeks the award of attorneys' fees, costs, and interest. However, Lopez has not provided further information to the Court regarding these demands. Accordingly, Lopez is directed to provide the Court with additional information, on or before June 28, 2013, regarding the damages resulting from La Hacienda and Cortes' retaliatory action; furthermore, Lopez may file a motion, on or before June 28, 2013, regarding the award of costs, fees, and interest. Additionally, Lopez is directed to submit a proposed judgment to the Court on or before June 28, 2013.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Eduardo Lopez's Motion for Default Judgment against Defendants La Hacienda Mexican Grill, Inc. and David Cortes (Doc. # 15) is **GRANTED**.

(2) Entry of judgment will be reserved until the damages attending Plaintiff Eduardo Lopez's retaliatory termination claim and the amount of costs, fees, and interest are determined. Plaintiff Eduardo Lopez is directed to provide the Court with additional information, on or before June 28, 2013, regarding the damages resulting from La Hacienda and Cortes' unlawful retaliation. Lopez may also file a motion, on or before June 28, 2013, regarding the award of costs, fees, and interest. Lopez is further directed to submit a proposed judgment to the Court on or before June 28, 2013.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of June, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record