```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

EDUARDO LOPEZ,

        Plaintiff,
v.                                  Case No. 8:13-cv-350-T-33MAP

LA HACIENDA MEXICAN GRILL, INC.,
and DAVID CORTES,

        Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff Eduardo Lopez's Motion for Award of Attorney's Fees and Costs (Doc. # 17), filed on June 27, 2013. Lopez seeks a total judgment of $39,445.00, exclusive of post-judgment interest. (Doc. # 17-1). For the reasons that follow, the Court grants the motion.

## I. Background

Lopez contends that Defendants La Hacienda Mexican Grill, Inc., and David Cortes failed to pay overtime and minimum wage for Lopez's work at La Hacienda from February 21, 2012, through October 28, 2012. (Doc. # 1 at ¶ 10). Despite being properly served on February 20, 2013, and February 22, 2013 (Doc. ## 8, 9), respectively, La Hacienda and Cortes failed to respond to the Complaint or otherwise

appear in this case. Pursuant to Rule 55(a), Fed. R. Civ. P., the Clerk entered a default against La Hacienda on April 8, 2013 (Doc. # 12), and against Cortes on May 17, 2013 (Doc. # 14). On June 14, 2013, the Court granted Lopez's Motion for Default Judgment (Doc. # 15) against La Hacienda and Cortes. (Doc. # 16). Furthermore, the Court stated:

> Entry of judgment will be reserved until the damages attending Plaintiff Eduardo Lopez's retaliatory termination claim and the amount of costs, fees, and interest are determined. Plaintiff Eduardo Lopez is directed to provide the Court with additional information, on or before June 28, 2013, regarding the damages resulting from La Hacienda and Cortes' unlawful retaliation. Lopez may also file a motion, on or before June 28, 2013, regarding the award of costs, fees, and interest. Lopez is further directed to submit a proposed judgment to the Court on or before June 28, 2013.

(Id. at 13).

Lopez timely filed the instant Motion for an Award of Attorney's Fees and Costs (Doc. # 17), and submitted a proposed judgment to the Court's email account. However, Lopez failed to file any information regarding the damages resulting from La Hacienda and Cortes' retaliation. Lopez's proposed judgment also failed to address those damages. As such, the Court interprets Lopez's silence as a waiver of

his previous request for damages stemming from La Hacienda and Cortes' retaliatory action.

Neither La Hacienda nor Cortes has filed a response in opposition to Lopez's Motion for an Award of Attorney's Fees and Costs, and the time for such responses has passed. Accordingly, the Court considers the Motion as unopposed.

## II. Analysis

The Court finds that it is appropriate to award attorney's fees, costs, and post-judgment interest in this FLSA case. See 29 U.S.C. § 216(b); Ramirez v. Raptor Tech. Grp., Inc., No. 5:12-cv-100-OC-34TBS, 2012 WL 1758134 (M.D. Fla. May 2, 2012) (concluding that FLSA plaintiff was entitled to post-judgment interest).

Furthermore, upon review of the Motion for an Award of Attorney's Fees and Costs, and of the affidavit filed in support thereof, the Court determines that the fees and costs requested are reasonable under the circumstances of this case. The Court has conducted its lodestar analysis under Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). Considering the result obtained, the fee charged of $200.00 per hour for a total of 12.4 hours is reasonable and appropriate. (Doc. # 17-1

at 1-2). The affidavit of Gil Sanchez Valencia, Esq. further supports the Court's finding. (Id.).

The Court also approves as consistent with 29 U.S.C. § 216(b), 28 U.S.C. § 1920, and Rule 54, Fed. R. Civ. P., the $425.00 in costs sought by Lopez.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for an Award of Attorney's Fees and Costs (Doc. # 17) is **GRANTED.**

(2) The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for the following amounts:

   (a) $36,540.00 in damages (minimum wages of $10,440.00 + overtime of $7,830.00 + liquidated damages of $18,270.00)

   (b) Attorney's fees and costs in the amount of $2,905.00 (attorney's fees of $2,480.00 + costs of $425.00)

   (c) Post-judgment interest, pursuant to 28 U.S.C. § 1961, to accrue at the rate provided for in Section 1961 from the date of entry of final judgment by the Clerk to the date of payment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>2nd</u> day of July, 2013.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record